UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROLYN CARTER
    Plaintiff

CASE NO.

VS.

UNITED STATES OF AMERICA
    Defendant

MARCH 18, 2016

## COMPLAINT

### JURISDICTION AND VENUE

1. This action is brought pursuant to 28 U.S.C. §1332 for injuries sustained on February 1, 2012 in Newport, Rhode Island.

2. On January 15, 2014, the plaintiff submitted an Administrative Claim to United States.

3. On February 24, 2016 the Department of the Navy formally denied the plaintiff's Administrative Claim.

4. As such, all conditions precedent to a Federal Tort Claim have been met pursuant to 28 U.S.C. §2401(b).

5. The plaintiff, Carolyn Carter, is a resident of South Carolina.

6. The defendant, Edmund Ganal, M.D., is an individual believed to be a resident of Rhode Island.

7. The defendant, David Burnikel, M.D., is an individual believed to be a resident of Rhode Island.

8. The amount of legal interest or property in demand, exclusive of interest and costs, is in excess of Seventy-Five Thousand Dollars ($75,000.00).

9. There is complete diversity pursuant to 28 U.S.C. §1332(a)(1).

10. Venue is proper in this district pursuant to 28 U.S.C. §1391, as the injury occurred within the State of Rhode Island.

## FACTS

**COUNT ONE:**

1. On or about February 1, 2012, Edmund Ganal, M.D. was a United States naval physician acting within the scope of his employment as a United States naval physician with privileges to perform surgery at the Newport Hospital.

2. On said date, the plaintiff, Carolyn Carter underwent a repair of her right arm and shoulder after consulting with the defendant, Edmund Ganal, M.D., which procedure was performed at Newport Hospital in Newport, Rhode Island, by the defendants Dr. Edmund Ganal and Dr. David Burnikel.

3. At all times relevant hereto, the defendant, Edmund Ganal, M.D., held himself out as capable of performing the repair of the right arm and shoulder and that he had the skill, education and training to perform the procedure pursuant to the standard of care.

4. During the attempted repair of the right arm and shoulder, the plaintiff sustained an injury to the nerves in her arm.

5. Upon information and belief, said injury occurred when Dr. Ganal and/or Dr. Burnikel caused injury to the plaintiff's nerves.

6. As a consequence of said action the plaintiff was diagnosed post operatively with a cutaneous nerve rupture of the right arm.

7. As a result of the injury incurred during the surgery, the plaintiff required a secondary surgery.

8. The defendant Edmund Ganal was negligent and careless in that he deviated from the standard of care in one or more of the following ways, in that he:

   a. failed to properly identify the area to be repaired;

   b. failed to clearly identify and protect the nerve from injury;

   c. failed to differentiate between nerve and the bicep tendon;

   d. failed to repair the area of injury with due care by pulling on said nerve without properly identifying and confirming the anatomy prior thereto;

 e. lacked the skill, training, expertise and past experience necessary to perform the operation upon the plaintiff;

 f. failed to employ a mentor and/or co-surgeon with the skill, training, expertise and past experience necessary to assist in performing the operation upon the plaintiff;

 g. failed to take appropriate steps to prevent further harm to the plaintiff;

 h. caused injury to the plaintiff's nerves;

 i. failed to adequately assess which nerves were injured;

 j. failed to call for an intra-operative consultation;

 k. failed to provide adequate exposure to perform the procedure safely; and

 l. failed to recognize the injury once it occurred.

9. As a result of the defendant, Edmund Ganal's negligence, carelessness and deviation from the standard of care, the plaintiff suffered the following injuries, some or all of which may be permanent in nature:

 a. Direct and/or indirect injury to the cutaneous nerve and ulnar nerve of the right arm;
 b. Ulnar nerve scarring; and
 c. Ulnar nerve palsy causing weakness and loss of sensation in the right forearm and right hand.

10. As a result of the defendant, Edmund Ganal's negligence, carelessness and deviation from the standard of care, on February 13, 2012, the plaintiff was admitted to Rhode Island Hospital for a surgery to repair the injury to the nerve in her right arm.

11. As a result of the defendant, Edmund Ganal's negligence, carelessness and deviation from the standard of care, the plaintiff has required orthopedic care, surgery, anesthesia, radiological studies, neurological evaluation, EMG studies, hand therapy, immobilization devices, and prescription pain medication.

12. The plaintiff's injuries are permanent in nature and will be the cause of future pain and disability. The plaintiff has suffered and in the future will continue to suffer great physical and mental pain. In addition, the plaintiff has and will in the future suffer from a fear of a future disability.

13. At the time he received the aforesaid injuries, the plaintiff was gainfully employed. As a further result of the injuries she received, the plaintiff has missed time from her employment, has sustained lost wages and has suffered a permanent impairment of her earning capacity.

**COUNT TWO:**

1. On or about February 1, 2012, David Burnikel, M.D. was a United States naval physician acting within the scope of his employment as a United States naval physician with privileges to perform surgery at the Newport Hospital.

2. On said date, the plaintiff, Carolyn Carter underwent a repair of her right arm and shoulder after consulting with the defendant, Edmund Ganal, M.D., which procedure was

performed at Newport Hospital in Newport, Rhode Island, by the defendants Dr. Edmund Ganal and Dr. David Burnikel.

3. At all times relevant hereto, the defendant, David Burnikel, M.D., held himself out as capable of performing the repair of the right arm and shoulder and that he had the skill, education and training to perform the procedure pursuant to the standard of care.

4. During the attempted repair of the right arm and shoulder, the plaintiff sustained an injury to the nerves in her arm.

5. Upon information and belief, said injury occurred when Dr. Ganal and/or Dr. Burnikel caused injury to the plaintiff's nerves.

6. As a consequence of said action the plaintiff was diagnosed post operatively with a cutaneous nerve rupture of the right arm.

7. As a result of the injury incurred during the surgery, the plaintiff required a secondary surgery.

8. The defendant David Burnikel was negligent and careless in that he deviated from the standard of care in one or more of the following ways, in that he:

    a. failed to properly identify the area to be repaired;

    b. failed to clearly identify and protect the nerve from injury;

    c. failed to differentiate between nerve and the bicep tendon;

    d. failed to repair the area of injury with due care by pulling on said nerve without properly identifying and confirming the anatomy prior thereto;

    e. lacked the skill, training, expertise and past experience necessary to perform the operation upon the plaintiff;

    f. failed to employ a mentor and/or co-surgeon with the skill, training, expertise and past experience necessary to assist in performing the operation upon the plaintiff;

    g. failed to take appropriate steps to prevent further harm to the plaintiff;

    h. caused injury to the plaintiff's nerves;

    i. failed to adequately assess which nerves were injured;

    j. failed to call for an intra-operative consultation;

    k. failed to provide adequate exposure to perform the procedure safely; and

    l. failed to recognize the injury once it occurred.

9. As a result of the defendant David Burnikel's negligence, carelessness and deviation from the standard of care, the plaintiff suffered the following injuries, some or all of which may be permanent in nature:

    a. Direct and/or indirect injury to the cutaneous nerve and ulnar nerve of the right arm;
    b. Ulnar nerve scarring; and
    c. Ulnar nerve palsy causing weakness and loss of sensation in the right forearm and right hand.

10. As a result of the defendant David Burnikel's negligence, carelessness and deviation from the standard of care, on February 13, 2012, the plaintiff was admitted to Rhode Island Hospital for a surgery to repair the injury to the nerve in her right arm.

11. As a result of the defendant David Burnikel's negligence, carelessness and deviation from the standard of care, the plaintiff has required orthopedic care, surgery, anesthesia, radiological studies, neurological evaluation, EMG studies, hand therapy, immobilization devices, and prescription pain medication.

12. The plaintiff's injuries are permanent in nature and will be the cause of future pain and disability. The plaintiff has suffered and in the future will continue to suffer great physical and mental pain. In addition, the plaintiff has and will in the future suffer from a fear of a future disability.

13. At the time he received the aforesaid injuries, the plaintiff was gainfully employed. As a further result of the injuries she received, the plaintiff has missed time from her employment, has sustained lost wages and has suffered a permanent impairment of her earning capacity.

THE PLAINTIFF

By _____
Humbert J. Polito Jr.
Polito & Associates, LLC
567 Vauxhall St. Ext. Suite 230
Waterford, CT 06385
(860) 447-3300
Fax: (860) 447-3389
info@politolaw.com
Federal Bar No. 02037

WHEREFORE, the plaintiff claims:

1. Money damages;

2. Such other relief as the Court deems just.

                          THE PLAINTIFF

By_____
                Humbert J. Polito Jr.
                Polito & Associates, LLC
                567 Vauxhall St. Ext. Suite 230
                Waterford, CT 06385
                (860) 447-3300
                Fax: (860) 447-3389
                info@politolaw.com
                Federal Bar No. 02037

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROLYN CARTER
    Plaintiff                                         CASE NO.

VS.

UNITED STATES OF AMERICA           MARCH 18, 2016
    Defendant

## STATEMENT OF AMOUNT IN DEMAND

The amount of legal interest or property in demand, exclusive of attorney's fees, costs and interest, is in excess of Seventy-Five Thousand Dollars ($75,000.00).

THE PLAINTIFF

By _____
Humbert J. Polito Jr.
Polito & Associates, LLC
567 Vauxhall St. Ext. Suite 230
Waterford, CT 06385
(860) 447-3300
Fax: (860) 447-3389
info@politolaw.com
Federal Bar No. 02037